[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : February 18, 1993 Date of Application : February 18, 1993 Date Application Filed : February 25, 1993 Date of Decision : August 23, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford.
Docket Number: CR 92-418066;
Gerald M. Klein, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, who was thirty-two years of age at his sentencing, was convicted following a jury trial of Possession of Narcotics with Intent to Sell by a non-drug dependent person (§ 21a-278(b) and Conspiracy to distribute narcotics (§ 21a-277(a);53a-48(a).
He was sentenced to concurrent terms of twenty years on the Possession with Intent to Sell and fifteen years on the Conspiracy charge for a total effective sentence of twenty years.
The petitioner was one of five people arrested during a drug raid in Hartford. The raid yielded $13,331.00, several beepers, eight grams of pure heroin, three hundred glassine bags with the label "Mortal" containing suspected heroin, fourteen boxes of glassine bags, a gram scale, sealing tape, a .38 caliber revolver, a rubber stamp with the name "Mortal" and other paraphernalia used to package narcotics.
There was evidence that this was a sophisticated upper-level narcotics operation using two apartments to avoid detection. There was evidence that the petitioner was heading the operation and that he directed the others. Two of the co-defendants in the apartment were women and apparently girlfriends of two of the other men. Both testified against the accused and they received suspended sentences. The other two males in the apartment, who were involved in the operation, pleaded guilty and received seven year sentences.
While counsel for the petitioner argues that the petitioner was not the leader, the sentencing judge, who sat through the trial, did hear testimony that he in fact, was and he was entitled to make that inference.
There is no requirement that co-defendants be treated equally. The Court was aware of the sentences the co-defendants received, and noted that not only did they accept their responsibility by pleading guilty, but that this was a high-level distribution set-up with the petitioner directing the operation. The Court commented on the scourge that narcotics is visiting on our communities, that is the grievous impact it has, causing terror and bringing lawlessness into the lives of innocent people. In short, the Court had good and sufficient reason to differentiate between the several defendants in this case. CT Page 9185
Petitioner's counsel has called our attention to the application for sentence review of one Carlos Hernandez. That matter is distinguishable in several ways. In that case, the petitioner was the driver of a co-defendant to the location where the drug transaction took place. There was no indication that he was the leader of the operation. The quantity of narcotics was not as great as in the present case, and significantly, there is a difference in the personal backgrounds of the two men. Specifically Hernandez had a significant work history, supported his family for years and was described as a trustworthy employee.
The Division has reviewed the sentence in accordance with the standards of P.B. § 942. We find it to be neither inappropriate nor disproportionate. It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.